WILLIAM T. MEREDITH ET AL. v. THE CITY OF PERTH AMBOY.

Argued February 24, 1899—Decided June 12, 1899.

1. Awards for land to be taken in the opening of a street and assessments for benefits to arise from the opening were made by commissioners at the same time and embodied in a single report to the city council, which the council confirmed. On *certiorari* it appeared that the report was lost and its contents were not shown. *Held,* that the proceedings should be set aside.

2. In the case mentioned, the payment of the awards was by statute made a condition precedent to the acquisition by the city of the right to open the street. *Held* that, as by the reversal of the award, the right to make the improvement was wholly defeated, a statutory provision requiring that a *certiorari* to review the assessment should not be allowed after six months from the date of confirmation, was inapplicable.

On *certiorari* as to opening of Railroad avenue.

Before Justices DIXON and COLLINS.

For the prosecutors, *Ephraim Cutter* and *Alan H. Strong*.

For the defendant, *James S. Wight*.

The opinion of the court was delivered by

DIXON, J.   This *certiorari*, allowed December 14th, 1898, directs to be sent up for review an award of damages made in favor of the prosecutors and an assessment for benefits made against them, by commissioners, for the laying out and opening of Railroad avenue, in the city of Perth Amboy, and the resolution of the city council, passed March 25th, 1898, to confirm the same.

The return shows that such award and assessment were made in a single report filed with the city clerk March 10th, 1898, but does not show the tenor or substance of the report. Evidence taken in the cause discloses the fact that the report has been lost, but this also fails to indicate its purport.

It being incumbent on the city, in responding to the writ, to establish the fact that a legal award and assessment were made, its failure to do so must lead to a reversal of its proceedings, unless the prosecutors are precluded from their normal remedy.

No bar for the protection of the award is suggested except the fact that, before the writ was applied for, awards made to other landowners were paid by the city. It appears that these awards were paid April 22d, 1898, within a month after the resolution to confirm them, and that these prose-

cutors had no notice that such payments were likely to be made until on the same date a check for their award was tendered. Their prompt refusal to accept that check gave the city immediate notice of their position, and no degree of diligence in applying for a *certiorari* would have prevented the payment of the other awards  These circumstances, we think, refute the charge of laches and estoppel.

The assessment is defended on the ground that the *certiorari* was not applied for within six months after·confirmation of the assessment as the statute requires.

But this statutory limitation upon the allowance of a prerogative writ cannot be enforced for the protection of an assessment which the legislature could not constitutionally authorize. *Traphagen* v. *West Hoboken*, 10 *Vroom* 232; *S. C. on error*, 11 *Id.* 193; *Kirkpatrick* v. *Commissioners*, 13 *Id.* 510; *Pardee* v. *Perth Amboy*, 28 *Id.* 106.

By the failure of the city to make and tender a valid award to the prosecutors for their land needed in the opening of the street, the city failed, also, to acquire a right to furnish to the prosecutors the special benefit for the enjoyment of which this assessment was levied. When the assessment was laid the city had not obtained, nor had it taken the proper steps to obtain, the power of opening the street. No equivalent, therefore, in the form of special benefits arising from a public improvement was offered to the prosecutors for the burden thus imposed upon their lands. Under such circumstances it is not within the constitutional power of the legislature to sanction a special assessment. *Agens* v. *Newark*, 8 *Vroom* 415.

No judicial reason for denying to the prosecutors the aid of a writ of *certiorari* appears, for it would· be palpably unjust to uphold the assessment when the improvement is defeated.

The award and assessment, so far as they affect the prosecutors, must be set aside, with costs.